Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| KENNETH PADRÓ LARACUENTE Y OTROS<br><br>Recurrida<br><br>v.<br><br>CRUCIE MORALES RIVERA<br><br>Peticionaria | KLAN202400194 | Apelación procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Sobre:<br>Ley Núm. 284-1999, Ley Contra el Acecho en Puerto Rico, según enmendada por la Ley Núm. 44-2016<br><br>Caso Núm.:<br>HUL2842024-02642 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

La parte peticionaria, señora Crucie Morales Rivera, comparece ante nos para que dejemos sin efecto el pronunciamiento emitido y notificado por el Tribunal de Primera Instancia, Sala de Humacao, el 1 de febrero de 2024. Mediante el mismo, el foro primario expidió una orden de protección, al amparo de las disposiciones de la Ley contra el Acecho en Puerto Rico, Ley 284-1999, según enmendada, 33 LPRA sec. 4013 *et seq.*, en contra de la peticionaria, tras acoger la solicitud pertinente según promovida por los recurridos, señor Kenneth Padró Laracuente y Lisette Serrano Figueroa.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I**

El 27 de enero de 2024, los recurridos presentaron una *Petición de Orden de Protección* bajo el palio de lo dispuesto en la Ley

Número Identificador
RES2024 _____

contra el Acecho en Puerto Rico, Ley 284-1999, según enmendada, 33 LPRA sec. 4013 *et seq.* En la misma, alegaron que desde el año 2021, la peticionaria sostenía un patrón continuo de acoso y hostigamiento en su contra, consistente en la prestación de múltiples querellas policiacas en su contra que, tras la debida investigación, resultaron infundadas. Añadieron, a su vez, que la conducta de la peticionaria ha afectado su integridad y su estabilidad emocional y que les ha hecho temer por su vida, su familia y su propiedad. Luego de entender sobre las alegaciones pertinentes, ese mismo día, el Tribunal de Primera Instancia expidió a su favor una *Orden de Protección Ex parte*. En virtud de la misma, ordenó a la peticionaria de abstenerse de acercarse a los recurridos o a su propiedad, así como de entablar todo tipo de contacto o comunicación con estos. Igualmente, el foro primario calendarizó la celebración de una vista entre las partes para el 1 de febrero de 2024.

Llegado el día, se celebró la vista en los términos ordenados. A la misma comparecieron todas las partes involucradas. Surge de las *Determinaciones de Hechos* emitidas por el Tribunal de Primera Instancia que la prueba estableció que, desde el año 2021, la peticionaria había presentado más de dieciocho (18) querellas infundadas en contra de los recurridos, en las cuales alegó que estos la grababan con un *drone*. Al respecto, se hizo constar que, en dichas querellas, esta alegó que dicho artefacto eran "mariposas y libélulas"[1] a las cuales los recurridos le tenían "un aditamento en el celular desde donde la rastreaba[n]"[2]. Igualmente, surge que, en las referidas querellas, la peticionaria también adujo que no podía encender su televisor, porque, a través del mismo, los recurridos la

---

[1] Véase Apéndice, Anejo I, Orden de Protección Final, *Determinaciones de Hechos*, pág. 5.
[2] *Íd.*

observaban. A su vez, en su determinación, el Tribunal de Primera Instancia dispuso que se estableció que la peticionaria había presentado cinco (5) peticiones de órdenes de protección en contra de los recurridos y concluyó que, conforme establecido, en cuatro (4) ocasiones, esta tomó fotografías de la residencia de estos. Al proseguir, la sala de origen también expuso que, según se probó, la peticionaria grabó la propiedad de los recurridos con cámaras de seguridad que colocó apuntando directamente a la misma. Así, el tribunal de origen expidió una orden de protección en contra de la peticionaria con una vigencia efectiva desde dicho 1 de febrero de 2024 al 1 de febrero de 2027, y le requirió cesar de la conducta en cuestión.

Inconforme, el 1 de marzo de 2024, la peticionaria compareció ante nos mediante el presente recurso, el cual, en la correcta aplicación de las normas procesales pertinentes, acogimos como uno de *certiorari,* mediante *Resolución* del 4 de marzo de 2024. En el mismo, en esencia plantea que no se probaron los elementos requeridos para la expedición de una orden de protección a la luz de los criterios de la Ley 284-1999, *supra.*

Procedemos a expresarnos.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcosa Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de, entre otros asuntos, las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el foro de instancia. Regla 32 (C), Reglamento del

Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 32 (C). Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

**III**

Amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* resolvemos no expedir el auto solicitado. Ni el expediente ante nuestra consideración, ni la transcripción examinada, evidencian falta

alguna atribuible al tribunal primario en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio imponernos sobre lo resuelto.  Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones